J. B. McPHERSON, District Judge.
In the most favorable view that can be taken of the plaintiff’s testimony, it amounts to this: The defendant’s agent made certain proposals concerning salary, office expenses, and the purchase of $8oo worth of books by the plaintiff. These appear from the correspondence, but were proposals only, for the making of a contract was expressly deferred until a personal interview could be had. At this interview the proposals were repeated verbally, but at the same time a written contract was offered for the plaintiff’s signature, in which different provisions were contained concerning these three subjects. The plaintiff, who is an intelligent man, read this contract carefully several times, and noticed the differences, but nevertheless deliberately signed it. He now asks us to say that the real contract was in the verbal proposals, and not in the written instrument, although he signed with full knowledge of the provisions about which he now complains, and without being deceived as to their plain meaning. The reading gave him notice that the verbal proposals could not be the real contract, and it was his own folly which led him to believe otherwise. He was probably dazzled by what he supposed to be an exceptionally good business opportunity, and took the chance that everything would turn out right. I think he has been hardly dealt with, but I do not see how he can be relieved without the violation of the sound rule of evidence that guards jealously the high value of a written agreement.
A new trial is refused.